# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES WILLIAMS,** : | CIVIL ACTION NO. 1:01-CV-2345 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, et al.,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 5th day of December, 2006, upon consideration of *pro se* plaintiff's motions (Docs. 118, 125, 134, 141) to compel discovery and depose witnesses,[1] and it appearing that the discovery deadline was March 10, 2003 (see Doc. 53), see FED. R. CIV. P. 6(b)(2) ("[When] an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."); see also In re Cendant Corp. Prides Litig., 233 F.3d 188, 196 (3d Cir. 2000) (discussing factors to assess in determining excusable neglect), that plaintiff has not averred any reason for his belated discovery requests,[2] see id. (stating that the reason for the delay is a factor

---

[1] The remaining defendant, Norris B. Webb, did not file any opposition to the instant motions. See L.R. 7.6.

[2] The court notes that plaintiff began representing himself after the U.S. Court of Appeals for the Third Circuit remanded the case to this court on September 7, 2005 (see Docs. 83, 87).

to consider), that, with the exception of his request for medical records, plaintiff's discovery requests will require a significant delay in these proceedings, see id. (stating that the potential impact of the delay is a factor to consider), and that plaintiff requested documents that are not relevant to the claims against the remaining defendant, Norris B. Webb, or would not be admissible at trial,[3] see id. at 195-96 (stating that equitable considerations are to be reviewed), it is hereby ORDERED that the motions (Docs. 118, 125, 134, 141) are GRANTED in part and DENIED in part as follows:

1. The motions to compel discovery (Docs. 118, 125, 141) are GRANTED with respect to plaintiff's request for his medical records. On or before January 5, 2007, defendant Norris B. Webb shall produce plaintiff's medical records from the state correctional institution at Rockview from May 9, 1999 through the present.

2. The motions (Docs. 118, 125, 134, 141) are otherwise DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Plaintiff requested the following documents: (1) any and all grievances, complaints, or other documents received by the Department of Corrections or its agents at SCI-Rockview concerning the mistreatment of inmates by defendant Norris B. Webb ("Webb"), (2) any and all policies, directives, or instructions in 1999 to staff pertaining to who was and who was not permitted to discipline inmates at SCI-Rockview, (3) any and all paperwork involving the above-captioned action and the corresponding appeal to the U.S. Court of Appeals for the Third Circuit, and (4) plaintiff's complete medical records from May 9, 1999 to the present. The first two requests are not relevant to plaintiff's claims against Webb or would not be admissible at trial. See, e.g., FED. R. EVID. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ."). Likewise, defendant is not responsible for providing plaintiff with additional copies of the documents filed in this case. Accordingly, the court will deny plaintiff's motion with respect to these requests without further discussion.