IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WILLIAMS**, | : | CIVIL ACTION NO. 1:01-CV-2345 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, et al.**, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 20th day of March, 2007, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 175) of the order of court dated February 22, 2007 (Doc. 166), in which the court granted in part and denied in part plaintiff's motion for production of witnesses, and the court finding that there are no manifest errors of law or fact in the challenged order,[1] see Harsco Corp. v.

---

[1] The order of court dated February 22, 2007 (Doc. 166) denied plaintiff's motion for production of witnesses with respect to Gregory Gaertner, John Knowles, Vincent Kushwara, Robert Bitner, and Robert Meyers because the court found that they would offer no relevant or admissible testimony, i.e., their only knowledge of the events at issue came from plaintiff himself (see Doc. 175 ¶¶ 2-6 (stating that these individuals learned of the events when plaintiff submitted requests and when plaintiff spoke to them about the events)). Plaintiff avers that "the jury and the public as a whole would like to hear first hand from" these individuals as to why they "did not remedy [the] life threatening matter" after learning about it from plaintiff. (Doc. 175 ¶¶ 2-6.) Plaintiff also argues that these individuals would offer relevant evidence to prove that all defendants are liable for the injuries he sustained. (See Doc. 175 ¶ 7.) However, plaintiff's only remaining claim is against defendant Norris B. Webb. The other defendants named in his complaint, including these individuals, were either dismissed from the case (see Doc. 38) or granted summary judgment (see Docs. 69, 74, 83.) Therefore, these individuals, who have no personal knowledge of the events at issue, will offer no relevant or admissible testimony as to plaintiff's only remaining claim against defendant Norris B. Webb.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 175) is DENIED.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge