IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES WILLIAMS,** : | **CIVIL ACTION NO. 1:01-CV-2345** |
|  :  |  |
| Plaintiff  : | (Judge Conner) |
|  :  |  |
| v.  : |  |
|  :  |  |
| **COMMONWEALTH OF**  : |  |
| **PENNSYLVANIA, DEPARTMENT OF** : |  |
| **CORRECTIONS, et al.,**  : |  |
|  :  |  |
| Defendants  : |  |

# ORDER

AND NOW, this 12th day of April, 2007, upon consideration of *pro se* plaintiff's motion to amend the complaint (Doc. 189), averring that his former attorney changed the structure of his complaint, removed vital evidence from the complaint, and reduced the amount of damages sought,[1] and it appearing that jury selection is currently scheduled for June 5, 2007 (see Doc. 171), that the complaint was filed in 2001 (see Doc. 1), that plaintiff began representing himself in the above-captioned action on October 7, 2005 (see Docs. 87, 88), and that plaintiff does not explain his delay in requesting to amend the complaint, see Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005) (stating that "undue delay" is a factor for a district court to consider when reviewing a request to amend), and the court finding that an amendment at this late juncture in the proceedings would prejudice defendant

---

[1] See L.R. 8.1 ("The demand for judgment . . . may set forth generally that the party claiming damages is entitled to monetary relief but *shall not claim any specific sum* where unliquidated damages are involved." (emphasis added)).

Norris B. Webb, see id. ("[A] district court has discretion to deny a request to amend if it is apparent from the record that . . . the amendment would prejudice the other party."), it is hereby ORDERED that the motion to amend the complaint (Doc. 189) is DENIED without prejudice to plaintiff's right to present any admissible evidence in support of his remaining Eighth Amendment claim against defendant Norris B. Webb.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge